3-10-0-5-7-7. Please stand now and I equate you by Robert Hanson, v. Downing, Eppinger, Talented, Butler, and Hamill. Mr. Hamill. Good afternoon, Your Honors. My name is Butler Hamill, and I represent the Fen and Opelon Dominic Eppinger. No smiling allowed. You always smile. You always have a nice smile. Thank you. It's a nice way to end the day. And Mr. Hanson may expect the same out of you. The issue in this case is whether a defendant's previous waiver of his right to counsel and his contemporaneous waiver of his right to be present in court justifies a trial judge proceeding to voir dire in the basically ex parte, in the absence of any representative from the defense. In fact, in this case, we briefly stated several months before trial, the defendant waived counsel. He remained pro se for a number of hearings. Approximately one month before trial, during the status hearing, the defendant did request that the judge appoint standby counsel. And at that time, the defendant told the judge that he was nervous that he was going to come across a situation during trial that he wouldn't know how to handle, and he would like to have a standby counsel there to help guide him through those situations. The judge denied that request. And then a month later, on the day of trial, the defendant made another request for counsel, and this time requested that counsel actually represent him, waive his right to go pro se and go back to having counsel. The judge denied that request as untimely. The defendant responded by refusing to participate in the proceedings and leaving the courtroom and returning to his holding cell. And then after some efforts to bring the defendant back into court, the judge gave up and proceeded to voir dire without any representative from the defense. The defendant did show up the next day for opening statements and represented himself for the rest of the trial. So the question that those facts brings up then is, were the defendant's waivers several months before and then that day sufficient to allow the judge to proceed to voir dire ex parte? And there's actually a split in authority in this state as to that question. This court has answered that the judge does not have authority to proceed pro se or to proceed ex parte when the defendant is absent from the court. The Fifth District has answered the opposite. The Fifth District in Peeble v. Reisinger held that the judge can proceed ex parte when the defendant is absent himself and is not representative if the defendant has previously waived counsel. So now there's three reasons I think that this court should adhere to its decision in McCombs that the judge cannot proceed ex parte and to reject the reasoning of Reisinger. And the first of that is the plain language of the relevant statute. Section 115.4.1 of the Code of Criminal Procedure contains an express provision that any trial in absentia be by jury and that the defendant be represented by counsel. And what's important is that the provision concerning jury contains an exception for cases where the defendant has previously waived his right to a jury trial. However, the provision involving counsel has no such exception. And that's really what this court relied on in McCombs. That plain language would show that a legislator knew how to create an exception for waiver if it wanted one. And secondly, the fact that the legislator chose to put that exception with the right to a jury trial but did not choose to put that exception with the right to counsel convinces a clear legislative intent that trials in absentia, even if the defendant has previously waived counsel, must still occur with counsel for a defense. And there's a second reason. That reason alone should be enough for this court to adhere to McCombs. But there are more reasons than that. There's a policy aspect to this. And the fact is that ours is an adversarial system. It depends on there being somebody fighting for each side at any given critical moment in a case. The law can certainly tolerate uneven matches, for example, a pro se defendant versus a skilled prosecutor, but it cannot tolerate a situation where there's absolutely nobody on one side The state obviously has no interest and really is not supposed to look out for the defendant's rights. The judge is actually forbidden from advocating for one side or the other. So in an adversarial system, when you have no representation whatsoever on one side, it breaks down. It's a complete breakdown of the adversarial system. And that clearly can't happen. It can't be allowed here. So that's probably the policy that informs legislature when they chose not to include a waiver exception in 115.4.1. And there's actually even a third reason from the United States Supreme Court's decision in Feretta v. California, which is the decision where the United States Supreme Court first recognized a defendant's right to proceed without counsel at all. In that case, and this is admittedly the dicta, but in that case it was given the argument by the state of California that it would be unworkable to allow defendants to represent themselves because you might have a situation sometime when a defendant was unruly and had to leave the courtroom. And that would be unworkable because what could you do? You had nobody there. But the Supreme Court found that that really wasn't a concern. And what they held was, again in dicta but still relevant here, what they held was what the judge can do in that situation is remove the defendant from the courtroom and appoint standby counsel to represent him against his will. So the notion of appointing standby counsel to a pro se defendant who is absent from trial is not only not forbidden by Feretta v. California, it's actually the approved of method by the United States Supreme Court for dealing with a situation where a pro se defendant either cannot or will not be present for trial. So given those three reasons, I'm sorry. Do you have a plain error issue? I mean how does that, does that become plain error under our rules now? Yes. In fact, first of all, McCombs found a plain error in that case. And it comes under the second prong of the plain error rule. It affects a substantial right. And here it's because it's a total failure of the adversary system. If there's nobody on one side, you just don't have an adversary process and that's what our system depends on. Is it, and I use this cautiously because I'm not sure what it means either, but is it a structural problem, is that what you're saying, under the second prong? Yes. Yeah, I would call this the second prong. Yeah, I would call this a structural error because it just doesn't, the whole system kind of depends on there being one person on each side. And somebody advocating on both sides and then somebody in the middle kind of deciding the truth. And you just don't have that. And specifically with this, in this case, what you have is you have no questions asked of jurors by a representative of the defense. You have no peremptory challenge by the defense. No opportunity for either of those things. No motions for cause by the defense. No responses to state motions for cause by the defense. So would that have been represented by defense? Well, there's a pretty good chance that it would have. There's an awful lot of things here that could have happened that just didn't simply because there was no representative from the defense. So that alone, that sort of affected the process to the extent that yeah, I would call this structural error and the plain error under the second prong of the plain error rule. And finally, just to respond to his point made in the state's brief, what the state does in this case, it tries to, rather than take McCombs and Reisinger as an opposite cases, the state tries to distinguish the two cases and puts this case with Reisinger that this defendant did not actually, did not actually willfully absent himself from trial because he was physically present in the courtroom prior to trial and then left. And the defendant in Reisinger had done the same thing, whereas the defendant in McCombs was on bond and just never showed up. That distinction must fail for two reasons. First of all, it's a distinction without a difference. Somebody is willfully absent if they're not there during the trial. It doesn't matter if he's in a holding cell or if he's across town. He's not in the courtroom and that's what counts. And secondly, it doesn't make a difference if he was there earlier in the day. He's still not there during the trial and that's, again, that's what counts. Doesn't Reisinger, what is the language in Reisinger that he doesn't, he voluntarily refuses to appear as opposed to failing to appear? I can't remember what the language is. Right, which is really the same thing because. Oh yeah, he didn't fail to appear but voluntarily chose not to appear. Right, which is the same thing because under the statute, you can't try somebody in absentia unless you find that their non-appearance is willful. So if he's across town, it doesn't matter if he slept in or if he chose not to be there because he's protesting something that the judge did. He's willfully failing to appear and that's when you can try him in absentia. And that's the same thing in Reisinger and that's where I think Reisinger wrongly decided and McCombs is the better law. And also there's a second problem here with Reisinger and the state's argument and that is that this willfully failing to appear language, that's the language that tells you when section 115.4.1 applies at all. It's not, that's not what makes the difference. If this defendant, as the state argues or as Reisinger found, didn't fail to appear, well then he can't be tried in absentia because without 115.4.1, there's no authority for a trial in absentia. So the state's argument actually kind of defeats itself where it leaves, where it just leaves no authority for this trial even happening in the first place. So clearly 115.4.1 is meant to apply here because the defendant is not in the courtroom. And since it does apply here, and since this Court of McCombs rightfully found that the counsel provision, the requirement of counsel cannot be waived, this defendant has to be represented by counsel when he went to trial. And since the judge did not do that, he committed plain error under McCombs and the second bond plain error rule, and unless your honors have any further questions, I would ask that you reverse the prescription and remand for a new trial. I'm just curious what actually happened during voir dire, how many jurors were excused? You know, I couldn't tell you the exact number. I will say that the voir dire, nothing occurred in the voir dire that I can really point to that would say, wow, that was terrible. It looks like a voir dire, there's just nobody there for the defense, and that's what makes the difference. So it's true that the judge and the state didn't use the absence of defense counsel to run amok and do things that they shouldn't have done, but still, there was no way for the defense, who knows who they would have grudgingly challenged if they had the opportunity, and that's really where the prejudice comes from. Does it trouble you at all that the court told the jurors during voir dire that the defendant had voluntarily absented himself? Does it bother you at all? It does, it did a little bit, and I'll tell you why. I think because it was misleading. Because the way the judge, and what the judge told me, he told the jurors that the defendant had a choice, chose not to have counsel here, and chose not to be here, where in reality, the defendant really made those two choices months and months apart, and there was kind of an intervening factor, and when the judge said it, it kind of applied to the jury that the defendant chose to have nobody there. And then am I correct that our decision in McCombs was decided before this jury was selected? Oh yes, yes it was. I don't have the date. I think McCombs was decided April 19th of 2007, so it was... And this is 2010, so yeah. Your statement, or the statement of facts says the trial occurred on December 9th of 2008. Okay, that could well be. All right, thank you. Thank you, Your Honor. Thank you, Mr. Hanlon. Mr. Hanson. Good afternoon, Your Honors. Leah, Police and Court Counsel. Your Honor is approaching the plain error aspect first. An issue is forfeited if it's not raised below. And by the way, everything I'm about to say on plain error, the authority is cited in my brief. I won't hit you with those citations, because it's all there. Further, in addition to the usual waiver, Section 115-4.1e even provides a statutory mechanism regarding a defendant who fails to appear to seek relief. The defendant didn't use that either, so there's like a double waiver here, if you will. Only the second prong of the plain error issue is present here. Namely, whether the error was so substantial as to deny the defendant a fair trial. Again, my brief has the authority on that. The defendant, under this plain error scenario, has the burden of showing prejudice. Please hold that thought in mind. He must show error caused a severe threat to the trial's fairness and did not do so, is our point. Even constitutional error is forfeited if it did not deprive the defendant of a fair trial. Under that second prong, not the closely balanced first prong, but the second prong, like you referred to, Your Honor, the structural error, asks whether a substantial right was so effective that the court cannot confidently state the trial was fundamentally fair, as in the Thompson case. That's the case that went off on no plain error under the Rule 431b, lack of admonitions. There was no showing here that the jury selected was biased. Ergo, there's no reversible plain error. That bias would be the structural error Your Honor is referring to, and there is zero here to indicate there was any bias in the jury. Isn't the crux of this, and please correct me if I'm wrong, is that there's either a structural error that by itself is presumed prejudicial or biased, so that the jury in this case would be biased. Even though there's no evidence brought up that somebody got up and said, why is this guy guilty, or something like that. But isn't it inherent in that argument that there's bias simply because there was a structural error, and it was. And your argument would be that the structural error needs more than that. It needs to show actual bias. Your Honor, if that's based on the wording in Thompson, it indicates because there was, I'm sorry. No, I just said, is that the nub of the issue? In looking at Thompson, it indicates, the Thompson case clearly indicates that as there was no showing of bias or a reasonable likelihood of the jury being biased, there is no such structural error. So just simply that this happened, and again, this happened by the defendant's choice, there was no structural error. Have I responded adequately to your question? Yeah, I mean, have I reasonably stated your positions? Yes, sir. You know, as far as you understand. Yes. Mr. Hamels. And, you know, Thompson said, in reference to a point counsel made here in his reply brief, that a finding that the defendant was being tried by a biased jury would satisfy the second prong of the plain error rule. There's no such finding, no such even vague indication here. It cannot be overemphasized that the jury selection taking place without input from the defense, which point the defendant makes, was because of the defendant's choice. Turning to the merits, the issue here, according to the defense brief, page 11 and elsewhere, is simply whether the judge committed plain error in conducting the voir dire without the defendant being present or represented by counsel when the defendant had waived the right to presence and the right to counsel. We, as we say in my brief, say you should not go off on the Third District case of McCombs. It did not involve a custodial defendant. The defendant there was absent the whole trial. Here the defendant was in custody, brought into court, participated in court proceedings. After the judge refused to let him withdraw his prior waiver of counsel, and I want to emphasize, Your Honor, that is not an issue here. The defendant states that he had waived counsel. There's no issue about the judge having erred in that. There is zero issue involving that here. The defendant returned to his holding cell and refused to participate. The judge sent a bailiff to go get him for voir dire, and the defendant refused to come. I think if you look at the records, they even tried to enlist the defendant's mother to try to talk him into coming out. The next day, voir dire was completed. The defendant came out and participated in the rest of the trial. So the defendant was present for the overwhelming majority of the trial. He was just not present for voir dire, and there is zero indication that anything untoward happened in voir dire or that he somehow got a prejudiced jury or juror. This case is much more akin to Risinger. Indeed, it's a better case than Risinger. The defendant there was pro se and in custody. He chose not to participate in the trial and returned to his cell. The court held under Section 5.115-4.1a. This was not the failure to appear. The case at bar, the instant case, is stronger than Risinger because there the defendant was absent for the entire trial. Here, just for voir dire, as I've pointed out, probably ad nauseum. Here, the defendant, again, evinced, and there was the record evinced, no evidence of any prejudice because of the defendant's absence from voir dire. The judge tried to get the defendant to come, but he said, the judge said on the record, you'll see it there, it's a fairly terse statement, he would not have the officers forcibly remove the defendant from his cell and into court. I mean, you're kind of thinking of the Chicago 7 and the Chicago 8 with Bobby Seale bound and gagged in a chair and the Crosby, Stills, and Nash song, you know, Come to Chicago. I didn't realize you were as old as I was. I'm sorry? I said I didn't realize you were as old as I was. Yes, Your Honor, well, in the past I've made references that you've picked up on based on that sort of thing. The judge just did not appoint counsel for a defendant who had waived counsel. He did not force counsel on the defendant in violation of his constitutional right to represent himself. Had the judge done so, we could find ourselves with the defendant here saying, hey, I have a constitutional right not to have counsel forced on me, and you did it. That's what we'd be facing if the judge had gone ahead and done it. Again, this defendant was not just in custody, but he also appeared in court,  All defendants are not in custody, as was this defendant, who was in the court and then left. He did not fail. He did not fail to appear. He appeared and then voluntarily chose to leave. The defendant says that if he's not present and no attorney, the trial proceeds with no representative of the defendant. True enough. That's what happened here. It was by the defendant's choice. And the judge said, I'm not going to force him in here. I'm not going to bobby seal him into the courtroom. No indication of any unfairness here. There was no indication of any unfairness here in the trial or in the jury. Counsel cites the Supreme Court case of Ferretta, which it does not simply say the solution is to appoint standby counsel and allow counsel to represent the defendant against his will. That footnote 46 that he relies on, and you'll see it there, it's pretty clear, says the state may, even over objection by the defendant, appoint standby counsel to aid the defendant if and when the defendant requests help. We're talking a defendant here who is waive counsel, who said he doesn't want help, and there's been no appeal on that issue. The defendant in his reply brief did not cite that last part of the footnote 46 point. Your Honors, that completes my comments. I think I've been pretty redundant with what I said in my brief, but I want to make the point that it was all defendant's choice. He was present. He was absent only from voir dire. There is zero indication in the record of any unfairness in the voir dire. It's a plain error, second-pronged standard. There was no structural error reasoning by analogy to the Thompson case. Thank you. Any other questions? I guess not, Mr. Hanson. Thank you very much. And Mr. Hamill, any rebuttal? Does Thompson overrule McCombs? I guess maybe that's a critical question. I don't believe it does. By shifting that structure, the nature of structural error? Well, I think Thompson, I don't believe Thompson does overrule McCombs. Thompson is talking about not just any generic error in voir dire. It was talking about the specific error that occurred in that case, and that was the judge failing to admonish the jury pursuant to Supreme Court Rule 431B. And if you recall, at the time that that trial occurred in Thompson and the decision in Thompson, that was a pretty common error because the rule was amended and judges took a little while to learn to recite those provisions. What Thompson was talking about was that specific error, the failure to read those provisions to the jury, the court found that this error itself did not directly implicate any constitutional rights. It was a Supreme Court rule. It was supposed to do it, but it didn't go beyond that. And they found that there were other methods that were available to judges to make sure that juries were fair. And because of those two factors, the court in Thompson said, that particular error is not plain error under the second prong of the rule unless you can actually show that the jury was biased. Did Thompson have an attorney present during voir dire? Yes, he did, and I believe Mr. Thompson was present as well. And that's where the difference is, is the right to have somebody, be it the defendant or counsel, present in the courtroom during a critical stage of the trial does directly implicate two constitutional rights, the right to counsel and the right to be present. It is the only way to ensure that our adversarial system works. There is no other alternative way to have a fair voir dire if you don't have a representative from one side. So that's what's different here, and that's why this case does not fall under Thompson. Here, this error is much greater than the judge just forgetting to read a couple of admonishments to the jury. When the defendant did appear in court for opening statements and testimony, did the judge ask him if he had any objection to the jury? I don't recall him doing so. I don't think so. I don't think he did. The trial just began. And I think the judge did announce to the jury that he was now here and introduced him, and that was it. So, yeah, the defendant never had a chance to comment on the jury or have a representative comment on the jury. Now, the statement brings up, and this is obviously true, this is pretty much the defendant's fault. He did choose to not be there. But that's the case in every single trial and absentia case. You can't have a trial in absentia with or without counsel for a defendant unless the defendant has willfully chosen not to appear. In fact, when counsel for the state brings up Rule 115.4.1e with its mechanism for challenging trials in absentia, that whole process, that's all designed to allow the defendant to make the case that his absence was not willful. Thank you. How do you distinguish what structural error that does need a showing of prejudice or bias against a structural error that is in and of itself prejudicial? Just the old rules we used to live under where it didn't matter because if it was gross enough error, it was just. Right. And that can be. And before they adopted the structural error methodology. I think it can be difficult to do. I mean, how much due process. At some point, it's how much due process have you squeezed out of the issue in front of you. I mean, you know, or how much can you squeeze out. I tend to agree. I agree that there's probably a lot of grit in there. But I think the general rule would be that the structural error does not require a specific showing of prejudice. It would be error that goes to the process itself, that compromises the fundamentals of our system, the way it works. And, you know, unfortunately, I do have a case in mind that I didn't cite in my brief. But just off the top of my head, if the judge absenced himself from the bench during a jury trial, even briefly for a few questions, that would be structural error. Contrasted to, well, a judge failing to admonish a jury of a particular point, where the particular point is something that the jury can glean from other sources, that would be something that you do have to show prejudice for. And I think between those two, I'm sure there are plenty of issues that really isn't clear. But I don't think this case would fall in that gray area. I think this case is right on the side of structural error, because it really does, this goes right to how we do things in this country, how we run our courts, is we use an adversarial process. Other countries use other processes, but this is how we do it, and this is how we make sure it's fair. Thank you. Thank you, Mr. Trammell, and thank you both today for your argument. We will take this matter under advisement. We'll get back to you with a written disposition within shortly.